(Decided February 15, 1962)

*William H. Orrick, Jr.*, Assistant Attorney General, for the plaintiff.
*Wallace & Schwartz* for the defendant.

FEBRUARY 15, 1962

Reap. Dec. 10175.—Reappraisements R60/20082, R59/18530, R60/16359, and R61/6166.——A. Zerkowitz & Co., Inc. *v.* United States.

MOLLISON, Judge: On February 1, 1933, the President of the United States issued a proclamation, under the provisions of section 336 of the Tariff Act of 1930, changing the basis of value of imported footwear, the uppers of which are composed wholly or in chief value of certain textiles, with soles composed wholly or in chief value of india rubber, from the regular bases of value specified in section 402(c), (d), (e), and (f) of the Tariff Act of 1930 to the American selling price basis of valuation, as defined in section 402(g) of the said act. (63 Treas. Dec. 232, T.D. 46158.) At the times here pertinent, substantially the same American selling price formula was contained in section 402a(g) of the said act, as amended by the Customs Simplification Act of 1956.

The merchandise here involved consists of footwear responding generally to the description contained in the said proclamation. It was exported from Japan during the years 1958, 1959, and 1960. In accordance with the said proclamation, the imported merchandise was appraised on the basis of the American selling price of certain footwear manufactured in the United States by a domestic manufacturer, the appraiser having found that the imported article was like or similar to the said domestic article. It is agreed by counsel for the parties that the said domestic article was an American tennis oxford, known

as the "Rover" type, manufactured in the United States by the United States Rubber Co. (Trans. pp. 181–185.)

The plaintiff herein challenges the correctness of the appraiser's finding that the selected domestically manufactured footwear was offered or sold in the United States within the limitations expressed in section 402a(g), *supra*, specifically on the ground that the domestically manufactured article was not freely offered for sale to all purchasers in the ordinary course of trade, as required by said section 402a(g).

Plaintiff further challenges the correctness of the appraiser's finding that the imported article was "like or similar" to the domestically manufactured article within the meaning of those terms, as used in section 336 of the tariff act, and as applied to appraisement under the American selling price basis of valuation.

On these grounds, the plaintiff asserts the invalidity of the appraisements and, on the further ground, that information vital to valid appraisements, to wit, concerning the principal market and the usual wholesale quantities in which the domestically manufactured article was offered for sale, was not known to the appraiser at the time he made his appraisements, and, in fact, that such information did not exist.

On pages 229 and 230 of the transcript, the following appears:

MR. LYNES: * * * the attorneys for the plaintiff and the United States have reached a decision on one phase of this case, and that stipulation is as follows:

The attorney for the plaintiff does not question either the legality or the validity of the Presidential Proclamation 2027, T.D. 46158.

Further, the attorney for the plaintiff and the defendant agree that if the said Presidential Proclamation is not applicable then the export value of the merchandise herein is the invoiced price f.o.b. port of exportation.

MR. SPECTOR: So agreed.

Plaintiff has evidently proceeded upon the premise that the foregoing stipulation limited the issues in this case so that if the appraisements of the merchandise at bar were found to be erroneous or invalid, the American selling price basis of valuation would be inapplicable to the appraisement of the merchandise, and, further, that the correct basis of value, in that event, would be export value, which, it is stipulated, is the invoice value, f.o.b. port of exportation.

Presumably, for that reason, plaintiff has offered no specific evidence as to the existence or nonexistence at the times here pertinent of any other domestically manufactured footwear, or the price at which such or other footwear was offered for sale, or which the manufacturer was willing to receive, under the terms specified in the American selling price statute.

As I read the stipulation, however, it does not so limit the issues. The stipulation merely covers the condition that "if the said Presidential Proclamation is not applicable" to the valuation of the mer-

chandise at bar, then the export value of the merchandise is the invoice price, f.o.b. port of exportation.

In order to find that the Presidential proclamation is inapplicable to the valuation of the merchandise at bar, there must be proof, or something which would take the place of proof, such as stipulations, admissions, concessions, etc., either (1) that, at or about the time of exportation of the merchandise at bar, no domestic article like or similar to the imported article existed, or (2) that, if any such domestic article existed, there was a legal or factual reason why the elements of the American selling price basis of valuation were not met by the conditions under which it was offered for sale. See *Hoyt, Shepston & Sciaroni* v. *United States*, 38 Cust. Ct. 741, A.R.D. 74; *Japan Import Co.* v. *United States*, 24 C.C.P.A. (Customs) 167, T.D. 48642; *Hudson Shipping Co., Inc.* v. *United States*, 43 C.C.P.A. (Customs) 19, C.A.D. 604. Compare *Kuttroff, Pickhardt & Co.* v. *United States*, 12 Ct. Cust. Appls. 299, T.D. 40313.

The proof offered by the plaintiff, in the case at bar, has been directed solely toward establishing the unlikeness or dissimilarity of the "Rover" tennis oxford, selected by the appraiser as the domestic article whose American selling price should be taken as the value, for appraisement purposes, of the imported article. The proof has further been directed toward establishing that certain elements of the American selling price formula were not met by the conditions under which the "Rover" was offered and sold.

Even were the court to find that the "Rover" tennis oxford was not like or similar to the imported footwear, or that the conditions under which it was offered and sold did not conform to the terms of the American selling price statute, such a finding would not automatically establish that the Presidential proclamation was inapplicable to the valuation of the merchandise. The imported merchandise is of the description of that covered by the proclamation, requiring such merchandise to be appraised on the basis of American selling price. As has been said, to eliminate the imported merchandise from the purview of the proclamation, proof (or a substitute therefor) would have to be adduced that no other domestic article to which the imported article was like or similar existed at the pertinent times, or, if such an article existed, that its price did not reflect the terms and conditions of the American selling price formula.

The record indicates that, at the time in question, there were from 5 to 20 American manufacturers, other than the manufacturers of the "Rover" oxford, who produced footwear meeting the description given in the Presidential proclamation. It would be futile for the court to attempt to dispose of the issues in this case, unless the record evidence covered all phases of the matter.

Moreover, the court observes that, even if it were found that the Presidential proclamation was inapplicable to the valuation of the merchandise at bar, the record does not establish the correct basis of value applicable thereto.

In the interests of justice and good order, therefore, the court deems it proper to set aside the submission of these cases and restore them to the next calendar before it, so that the parties may make such disposition of the matters referred to above as they deem required.

It will be so ordered.